**Davis Miles McGuire Gardner**

9 W. Cherry Avenue, Suite B
Flagstaff, AZ 86001
Telephone: (928) 779-1173
Fax: (877) 715-7366
efile.dockets@davismiles.com

Pernell W. McGuire (SBN: 015909)
pmcguire@davismiles.com
Aubrey L. Thomas (SBN: 029446)
athomas@davismiles.com
*Prior Attorneys for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERLING S. CALKINS and ELAINE S. CALKINS,<br><br>Debtor. | CASE NO. 3:13-bk-08354-DPC<br><br>A proceeding under Chapter 11<br><br>**MOTION TO STRIKE DEBTORS' RESPONSE TO THE REPLY IN SUPPORT OF THIRD AND FINAL APPLICATION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS** |

Davis Miles McGuire Gardner, PLLC (the "Firm"), former counsel for Erling and Elaine Calkins (the "Debtors"), hereby moves this Court to strike Debtors' response to the Firm's reply in support of its Third and Final Approval of Attorneys' Fees and Costs (docket no. 525). The Rules of Bankruptcy Procedure do not permit a responding party to file a second, additional response in regards to a motion or application. Specifically, Local Rule 9013-1 provides for one response, one reply, and nothing more. Thus, the filing of a second response by Debtors is improper and should be stricken.

1

The response should also be stricken because Debtors lack standing to assert the claim set forth therein. In their second response, Debtors argue, for the first time, that they may have a malpractice claim against the Firm. This new argument is made in addition to their original objection, which only requested a set off. The Firm denies that any malpractice occurred whatsoever. However, even if Debtors were correct, Debtors lack standing to bring a malpractice action against the Firm at this time.

Because the alleged malpractice occurred pre-confirmation, the alleged claim was property of the estate. 11 U.S.C. § 1115(a)(1). In order for a reorganized debtor, like Debtors in this case, to initiate an action based on a pre-confirmation claim, they must reserve that right in their confirmed plan. 11 U.S.C. § 1123(b)(3)(B). Otherwise, the confirmed plan is *res judicata* as to all issues that "could or should have been raised during the pendency of the case . . ." *In re Wolfberg*, 255 B.R. 879, 882-83 (9th Cir. BAP 2000).

In this case, the confirmed Plan does not include any provision in accordance with 11 U.S.C. § 1123(b)(3)(B) by which Debtors, as the Reorganized Debtors, retain the debtor-in-possession's right to pursue any alleged malpractice claim. *See* Chapter 11 Plan, Docket no. 365, page 25-26. Nor was any alleged claim set forth in Debtors' disclosure statement or any reservation of rights contained therein. Thus, because there was no reservation of the right to bring pre-confirmation claims, any such action is barred by *res judicata*. *Browning*

2

*v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002), *accord, In re United Operating, LLC*, 540 F.3d 351, 354 (5th Cir. 2008).[1]

Instead of disclosing any alleged claim against the Firm, the confirmed Plan specifically provides that the Firm (classified as administrative claim 1B) is an unimpaired creditor. There is no indication in the disclosure statement or the plan that Debtors disagreed or disputed any amounts due to the Firm. In summary, although the Firm strenuously denies any alleged malpractice, Debtors have no legal right to pursue such a claim at this time because (1) Debtors did not reserve such a right and (2) the confirmation order is *res judicata* as to any alleged malpractice claim Debtors may have against the Firm.

Therefore, this Court should strike Debtors' response (docket no. 525) not only because it was filed outside of compliance with the rules of procedure but also because Debtors lack standing to bring their alleged malpractice claim in the first place.

Dated this 22nd day of September 2017.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

/s/ Aubrey L. Thomas
Pernell W. McGuire
Aubrey L. Thomas

---

[1] Of course, the Debtors may consider whether the failure to reserve such a cause of action in the Plan leaves them with a potential remedy against their current counsel, such as by reducing his fees.

I certify that on ___Sept. 22___, 2017, I electronically filed the foregoing **MOTION TO STRIKE DEBTORS' RESPONSE TO THE REPLY IN SUPPORT OF THIRD AND FINAL APPLICATION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS** with the Clerk of the Court for the United States Bankruptcy Court by using the CM/ECF system.

I further certify that parties of record in this case who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

I further certify that some of the parties of record in this case have not consented to electronic service. I have caused a copy of the foregoing document to be placed in the U.S. Mail, First Class, postage-prepaid to:

Christopher J. Dylla
Office of the Arizona Attorney General
1275 West Washington Street
Phoenix, AZ 85007

K. Derek Judd
Nussbaum Gillis & Dinner, P.C.
14850 N. Scottsdale Rd., #450
Scottsdale, AZ 85254

Kristine E. McDonald
McCarthy & Holthus, LLP
8502 E. Via de Ventura, Suite 200
Scottsdale, AZ 85258

Tim McNeel
Coconino County Attorney
110 E. Cherry Avenue
Flagstaff, AZ 86001

Richard J. Ruffatto
25 Bell Rock Plaza, Suite A
Sedona, AZ 86351-8804

By:   /s/ Joan Stoner
      Joan Stoner